UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Andre W., <br><br> Plaintiff, <br><br> v. <br><br> Martin O'Malley, <br> Commissioner of the <br> Social Security Administration, <br><br> Defendant. | Civil No. 3:21-CV-01405 (TOF) <br><br><br><br> January 29, 2024 |

**RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

**I.  INTRODUCTION**

The Plaintiff Andre W.[1] has filed motions seeking $35,824 in attorney's fees pursuant to 42 U.S.C. § 406(b) and to offset those fees with the prior EAJA award. (ECF Nos. 26 and 29.) For the following reasons, the Court **GRANTS** the Plaintiff's motion (ECF No. 29) to the extent that it seeks an award of $35,824 in attorney's fees pursuant to 42 U.S.C. § 406(b) and **DENIES** the motion insofar as it seeks an order to offset that fee with the prior EAJA award.

**II.  PROCEDURAL BACKGROUND**

Attorney Iván Ramos represented the Plaintiff in an action before this Court commenced October 21, 2021, for judicial review of the Commissioner's unfavorable decision denying the Plaintiff's application for Social Security Disability benefits. (Compl., ECF No. 1.) On June 2, 2022, the Commissioner moved on consent to remand the matter for further administrative

---

[1]  Pursuant to D. Conn. Standing Order CTAO-21-01, the Plaintiff will be identified solely by first name and last initial or as "Plaintiff" throughout this opinion.

1

proceedings. (ECF No. 18.) The following day, the Court granted that motion and remanded the case under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 20.) On August 31, 2022, the Plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 23.) The Court granted Attorney Ramos $7,007.50 in EAJA fees. (ECF No. 25.)

Upon remand, Attorney Ramos represented the Plaintiff at a hearing before an Administrative Law Judge ("ALJ") which resulted in a partially favorable decision. (ECF No. 26-3, at 2, 5.) On September 10, 2023, the Social Security Administration issued a Notice of Award finding that the Plaintiff was entitled to past-due benefits for the period of October 2017 to August 2023. (ECF No. 29-2, at 2–3.) The Notice of Award advised that the sum of $23,377.50 was withheld from the Plaintiff's past-due benefits for the satisfaction of attorney's fees under Section 206(b) of the Social Security Act. (ECF No. 29-2, at 4.)

On December 2, 2023, the Administration issued an additional Notice of Award, finding that the Plaintiff's dependent child was due $49,790.00 in past-due child's benefits for the period from October 2017 through November 2023. (ECF No. 29-1, at 7.) The agency "withheld $7,200 from [the child's] past-due benefits to pay [Attorney Ramos]." (*Id.* at 2.) Twenty-five percent of $42,590.00 is $12,447.50; the agency withheld only $7,200 apparently because that is the maximum it may withhold when it approves a fee agreement, which it did here. (*Id.* at 4.) *See also* Maximum Dollar Limit in the Fee Agreement Process, 87 Fed. Reg. 39157 (June 30, 2022).

On September 22, 2023, Attorney Ramos moved for an award of attorney's "fees pursuant to 42 U.S.C. § 406(b)" based on the first Notice of Award. (ECF No. 26, at 1.) In the attached, signed fee agreement, the Plaintiff agreed to pay a "fee . . . equal to twenty-five percent (25%) of the past-due benefits that are awarded to *my family* and me in the event my case is won." (ECF No. 26-2, at 2.) Attorney Ramos also requested leave to supplement his motion upon the

Commissioner's awarding back benefits to the Plaintiff's child and indicated he would "remit to Plaintiff" the earlier EAJA award upon receipt of the § 406(b) fee. (*Id.*)

In a response filed on October 11, 2023, the Commissioner did not oppose the motion, deferring to the Court's determination of the reasonableness of the requested fee, but did object to any proposed language "directing that the Commissioner 'pay' the award." (ECF No. 28, at 2.) The Commissioner explained that, while "it is the agency's policy to make direct payment of court-authorized § 406(b) fee award[s] to counsel, **if possible**," in the event "the withheld benefits are 'insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference.'" (*Id.*, at 3–4 (quoting *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008)).) The Commissioner also "ask[ed that] the Court direct that Plaintiff's counsel reimburse Plaintiff any fees he previously received under [EAJA]" when awarding § 406(b) fees. (*Id.* at 4.)

Attorney Ramos filed his supplemental motion for § 406(b) fees on December 22, 2023, nine days after the Social Security Administration faxed him a copy of the second Notice of Award. (ECF No. 29, at 1; ECF No. 29-1, at 2.) He requests a total of $35,824, which represents 25% of the total past-due benefits owed to the Plaintiff – $23,377 – and to his family – $12,477. (ECF No. 29, at 3.) He acknowledges having already received the direct payment of $7,200 from the agency and seeks authorization "to charge Plaintiff the balance of . . . the unpaid portion of the $12,447 contingency fee for the family benefit." (*Id.*) Finally, he requests an order "[d]irecting [him] to further offset the total contingency fee of $35,824 by the $7,007.50 that was already awarded to him under EAJA." (*Id.*) The Commissioner responded on January 11, 2024, "neither support[ing] nor oppos[ing] counsel's supplemental request for attorney's fees" and referring the Court to its response to Attorney Ramos's earlier fee application. (ECF No. 30, at 1.)

### III.    LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). That fee is capped, however, and may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.* Attorney fee awards under § 406(b) of the Social Security Act are paid from the plaintiff's past-due benefits to his attorney pursuant to the terms of their contingency agreement. *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ["*Wells II*"] (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluation a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15-cv-949 (RJA), 2018 WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the EAJA context, from the public fisc.").

The effect of § 406(b) "is threefold. It fix[es] a maximum percentage for contingent fees; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988) (citations and internal quotation marks omitted). Accordingly, when considering a fee application under § 406(b), "a court's primary focus should be on the reasonableness of the contingency in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells II*, 907 F.2d at 371.

The Court is thus tasked with determining the reasonableness of a fee award under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 807; *Wells II*, 907 F.2d at 372. The Court must

consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells II*, 907 F.2d at 372.

IV. **APPLICATION**

The Plaintiff's counsel seeks an award in the amount of $35,824. He also requests an order that he offset that total by the $7,007.50 in EAJA fees already awarded. The Court addresses these requests in turn.

    a. **The Plaintiff's § 406(b) fee application was timely**

As a threshold matter, the Court must determine whether the Plaintiff's motions were timely filed. Although § 406(b) does not contain a time limitation for filing fee applications, the Second Circuit has made clear that the fourteen-day (plus three days for mailing) filing deadline for attorney fee petitions in Federal Rule of Civil Procedure 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87-88, 89 n.5 (2d Cir. 2019). In reaching that conclusion, the Second Circuit explained that the limitations period prescribed in Federal Rule of Civil Procedure 54(d)(2)(B) applies "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88. The fourteen-day limitations period begins to run "[o]nce counsel receives the notice of benefits award." *Id.*

In this case, the SSA issued the first Notice of Award on September 10, 2023. (ECF No. 29-2). The Plaintiff filed his first motion twelve days later, on September 22, 2023. (ECF No. 26.) There is no question that the Plaintiff's initial motion for attorney's fees was filed within a fourteen-day window, but the filing period does not actually begin to run until counsel knows "the

maximum attorney's fees that may be claimed." *Sinkler*, 932 F.3d at 88. Although the SSA issued the notice on December 2 (ECF No. 29-1, at 3), the fourteen-day period only begins "[o]nce counsel receives notice of the benefits award." *Id.* That did not occur until Plaintiff's counsel received the second Notice of Award, via fax, on December 13, 2023. (ECF No. 29-1, at 2.) Because the Plaintiff filed his supplemental motion on December 22 (ECF No. 29), nine days after receiving the Notice of Award, the Court concludes that it was timely filed.

### b. The requested fee is reasonable

After consideration of the three *Wells II* factors, the Court determines that the requested fee is reasonable. First, the requested amount does not exceed the statutory cap. Second, there is no evidence of fraud or overreaching. And third, after careful analysis, the Court concludes that the award does not constitute a windfall.

The Second Circuit has articulated the standards for determining whether there has been a windfall in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). In *Fields*, the Court stated that determining whether a fee request under § 406(b) is a windfall requires consideration of more than the *de facto* hourly rate. *Id.* at 854. Among the factors that a court must consider are "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or well-trained lawyers might take far longer to do." *Id.* In addition, a court must consider "the nature and length of the professional relationship with the claimant." *Id.* at 855. A third factor that a court must consider is "the satisfaction of the disabled claimant." *Id.* Finally, a court must consider "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.*

Regarding the Plaintiff's attorney's ability, expertise, and efficiency, the Court found only eighteen Social Security cases in this District in which Attorney Ramos has filed an appearance,

including this one. That is fewer cases than the most experienced Social Security attorneys in this District have appeared in. But the Court also notes that, in most of those cases, Attorney Ramos has achieved positive results for his Social Security clients. Out of his eighteen cases in this District, thirteen – or over seventy percent – were ultimately remanded to the agency.

In this case, his fifteen-page brief (ECF No. 13-1) was capably organized, and he supported his arguments with citations to the 1,157-page administrative record. (ECF No. 6.) He also filed the brief months before the Commissioner consented to a remand (ECF No. 18), so the fact that the case was ultimately remanded on consent does not weigh in favor of reducing the award. *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926-FPG, 2019 WL 1375084, at *3 (W.D.N.Y. Mar. 27, 2019) (Courts may reduce awards in cases where "the attorneys performed only a modest amount of work because they secured stipulations for remand instead of submitting briefs on the merits of the case."). Attorney Ramos also points out that, "[d]espite the passing of the statutory deadline to file this action, [he] was able to successfully persuade the Appeals Council to toll the filing deadline." (ECF No. 26-1, at 9.)

This last point also reflects on the nature and length of the professional relationship between the Plaintiff and his counsel. Attorney Ramos's advocacy on behalf of the Plaintiff began with his efforts to convince the Appeals Council to allow the late appeal and continued after the remand, when he represented the Plaintiff at the subsequent ALJ hearing and obtained a partially favorable decision. (ECF No. 26-1, at 3–4.)

The Court must also consider the Plaintiff's satisfaction. Based on the $23,377 that the Commissioner withheld from the Plaintiff's back benefits, it appears that the partially favorable decision resulted in an award of over $90,000 to the Plaintiff. (*See* ECF No. 29-2, at 4.) The Commissioner subsequently awarded $49,790 in back benefits to the Plaintiff's dependent child.

(ECF No. 29-1, at 7.) In total, Attorney Ramos helped the Plaintiff and his family obtain a six-figure award of back benefits, in addition to the monthly benefits they will receive going forward. As there is no indication that the Plaintiff is dissatisfied with that result, the Court concludes that this factor weighs in favor of finding the requested fee is reasonable.

Finally, regarding the uncertainty of the result, the Court again considers that Attorney Ramos accepted this case on contingency after the statutory deadline for filing the complaint had already passed. (ECF No. 26-1, at 9.) Generally, "payment [on contingency] for an attorney in a social security case is inevitably uncertain," *Fields*, 24 F.4th at 856 (citing *Wells II*, 907 F.2d at 371), and his taking a seemingly-time-barred case on contingency added greater uncertainty here. This factor also weighs in favor of finding the requested award reasonable.

The Plaintiff seeks a total of $35,824 in attorney's fees, and the Commissioner does not object to that amount (ECF No. 30, at 1), but neither party has indicated what the resulting *de facto* hourly rate would be here. In his motion for EAJA fees, the Plaintiff's counsel represented that he spent a total of 30.6 hours on this case. (ECF No. 23, at 4.) Based on that total, the requested reward would result in an hourly rate of approximately $1,171 per hour. This is unquestionably on the upper end of the spectrum, but higher hourly rates have been approved in this Circuit. *See Begej v. Berryhill*, No. 3:14-cv-01284-WIG, 2019 WL 2183105, at *2 (D. Conn. May 21, 2019) (collecting cases in the Second Circuit with approved rates as high as $2,100 per hour); *see also Fields*, 24 F.4th at 851 (awarding an hourly rate of $1,556.98). Considering the *de facto* hourly rate alongside the four *Fields* factors, the Court concludes that the fee requested by the Plaintiff's counsel does not amount to a windfall and is therefore reasonable.

### c. Attorney Ramos must refund the EAJA fee to the Plaintiff

The Plaintiff's supplemental motion requests an order that "Plaintiff's counsel . . . offset the total contingency fee of $35,824 by the $7,007.50 that was already awarded to him under EAJA." (ECF No. 29, at 3.) When courts award attorney's fees in Social Security appeals under both § 406(b) and EAJA, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Jose C. v. Commissioner of Soc. Sec.*, 2019 WL 2950074, at *4 (D. Vt. July 9, 2019) (quoting *Gisbrecht*, 535 U.S. at 796). The Plaintiff "offers no authority to justify a departure from the plain language of the Savings Provision, which requires a 'refund,' or from the Supreme Court's directive that 'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Reyes v. Berryhill*, No. 17-CV-7214 (RLM), 2021 WL 1124752, at *4 (E.D.N.Y. Mar. 24, 2021) (collecting authorities for the proposition that "it is improper to offset the attorney's fees due pursuant to § 406(b) against fees awarded pursuant to EAJA or vice versa"); *see also Ferrara v. Comm'r of Soc. Sec. Admin.*, 18-cv-00022 (ALC), 2020 WL 6782045, at *2 (S.D.N.Y. Nov. 18, 2020)) ("[O]ffsetting the amount requested pursuant to § 406(b) by the amount already awarded pursuant to the EAJA is improper.").

With respect to the portion of the § 406(b) fee that the Commissioner did not withhold, the parties appear to agree that Attorney Ramos should "charge Plaintiff the balance of . . . the unpaid portion of the . . . contingency fee for the family benefit." (ECF No. 29, at 3; *see also* ECF No. 28, at 3–4 ("[I]f the withheld benefits are . . . 'insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant . . . to recover the difference.'") (quoting *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008))). The Plaintiff signed the contingency agreement providing that "[i]f for any reason SSA fails to withhold money from my past-due benefits for direct payment of the fee to my attorney, I promise to pay my attorney

from the past-due benefits I receive." (ECF No. 26-2, at 3.) And upon receipt of the § 406(b) award, Attorney Ramos must refund the entire $7,007.50 EAJA award to the Plaintiff and file a certification on the docket confirming he has done so.

## V.  CONCLUSION

For the reasons set forth above, the Plaintiff's Supplemental Motion for Attorney's Fees (ECF No. 29) is **GRANTED** to the extent that it seeks an award of $35,824 in attorney's fees pursuant to 42 U.S.C. § 406(b) and **DENIED** to the extent that it requests an order directing the Plaintiff's counsel to offset that amount by the $7,007.50 in EAJA fees previously awarded. The Plaintiff's counsel is directed to refund the full amount of the EAJA award to the Plaintiff upon receipt of the § 406(b) award and to certify on the docket that he has done so. The Court denies as moot the Plaintiff's prior Motion for Attorney's Fees. (ECF No. 26.)

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge